The DOE RUN RESOURCES CORPO-RATION and Association of Battery Recyclers, Inc., Petitioners

v.

ENVIRONMENTAL PROTECTION AGENCY and Gina McCarthy, Administrator, United States Environmental Protection Agency, Respondents

Missouri Coalition for the Environment Foundation, et al., Intervenors.

No. 12–1345.

United States Court of Appeals, District of Columbia Circuit.

Aug. 12, 2013.

Dennis Lane, Stinson Morrison Hecker LLP, Mark W. Delaquil, Robert N. Steinwurtzel, Baker & Hostetler LLP, Washington, DC, for Petitioners.

Kenneth Carl Amaditz, U.S. Department of Justice, David Jay Kaplan, Jan M. Tierney, U.S. Environmental Protection Agen-

cy (EPA) Office of General Counsel, Washington, DC, for Respondents.

Emma Cordelia Cheuse, James Samuel Pew, Earthjustice Legal Defense Fund, Washington, DC, Avinash Kar, Natural Resources Defense Council, James Samuel Pew, San Francisco, CA, for Intervenors.

Before: HENDERSON and GRIFFITH, Circuit Judges, and GINSBURG, Senior Circuit Judge.

## JUDGMENT

This petition for review was considered on the record from the Environmental Protection Agency (EPA), on the briefs filed by the parties, and on their motions to govern future proceedings. *See* FED. R.APP. P. 34(a)(2); D.C.CIR. R. 34(j). The court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C.CIR. R. 36(d). It is.

**ORDERED AND ADJUDGED** that the petition for review be denied in part and dismissed in part.

The petitioners, Doe Run Resources Corporation (Doe Run) and the Association of Battery Recyclers (ABR) raise three challenges to a final rule issued by EPA. The challenged rule revises the national emissions standards for hazardous air pollutants (NESHAP) applicable to sources that engage in primary lead processing operations.

Two of the petitioners' challenges are foreclosed by our recent decision in *Association of Battery Recyclers, Inc. v. EPA (ABR)*, 716 F.3d 667 (D.C.Cir.2013) (per curiam). First, the petitioners contend that EPA impermissibly regulated elemental lead as a hazardous air pollutant (HAP) under section 112 of the Clean Air Act (the Act), 42 U.S.C. § 7412, by setting the NESHAP for lead compounds emitted by primary lead processing operations at a level designed to attain the national ambient air quality standards (NAAQS) for lead. As the *ABR* court held, however, EPA's use of the lead NAAQS as a benchmark in setting a NESHAP for lead compounds does not violate the Act's prohibition on regulating elemental lead as a HAP. *Id.* at 671 ("[T]he Rule sets HAP emissions standards at levels designed to attain the primary lead NAAQS, not the converse. The Rule in no way alters the NAAQS itself: it does not change the NAAQS level, impose an earlier NAAQS attainment date, or modify state implementation plans.").

Second, the petitioners claim that EPA acted arbitrarily and capriciously by requiring Doe Run to comply with the new emissions standards in two years instead of three. But as we held in *ABR*, "Congress clearly intended to grant existing sources no more than two years to comply" with the revised emissions standards, and "that is the end of the matter." *Id.* at 672.

The petitioners' remaining challenge is to EPA's decision to expand application of the emissions standard beyond lead smelting to primary lead production processes other than smelting. We dismiss this claim because the petitioners lack standing to raise it. Doe Run operates a smelting facility that was covered under the prior emissions standards and remains covered under EPA's new rule without reference to its expanded applicability provision. As Doe Run concedes, it has no concrete plans to install new technology for primary lead processing that would be covered only under the expanded applicability provision. Doe Run Opp. to EPA's Mot. to Govern Future Proceedings 12–13. Doe Run's claim that it is "exploring ... opportunities" to adopt such technology is insufficient to satisfy the Article III standing requirement that a petitioner demonstrate

an injury in fact that is "actual or imminent," not "remote [or] speculative." *Grocery Mfrs. Ass'n v. EPA,* 693 F.3d 169, 175 (D.C.Cir.2012) (internal quotation marks omitted); *see also Ctr. for Biological Diversity v. U.S. Dep't of Interior,* 563 F.3d 466, 478 (D.C.Cir.2009) ("Petitioners can only aver that any significant adverse effects ... 'may' occur at some point in the future. This does not amount to the actual, imminent, or certainly impending injury required to establish standing." (internal quotation marks omitted)). ABR bases its claim of associational standing on its member Doe Run's asserted standing; therefore, ABR also lacks standing to pursue this challenge.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold the issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing *en banc. See* Fed. R.App. P. 41(b); D.C.Cir. R. 41.